# LEVI HUEBNER & ASSOCIATES, PC
### ATTORNEYS AND COUNSELORS AT LAW

---

535 DEAN STREET, SUITE 100
BROOKLYN, NY 11217
TEL: (212) 354-5555
FAX: (347) 350-8789

EMAIL: NEWYORKLAWYER@MSN.COM

March 12, 2015

**Via ECF To:**

Hon. James Orenstein
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Sara Setton, v. Grey Stone Alliance, LLC*  **13-cv-06230 (CBA-JO)**

Dear Magistrate Judge Orenstein:

Our office is counsel to Plaintiff in the within matter.

On March 12, 2015 by electronic order this Court directed that the Defendant Greystone Alliance LLC ("Greystone"), show cause in writing why this Court should not strike its answer and enter default against it. Moreover, the Court directed that Plaintiff serve a copy of the Order on Greystone and its principal Mr. Carfora ("Carfora") by any method set forth in FRCP 4(e)(2) no later than March 5, 2015, and to provide proof of such service.

On March 12, 2015 the undersigned requested an extension of 90 days to serve Greystone and Carfora and to amend the complaint. Thereafter, on February 27, 2015 by electronic order (the "Order") Your Honor denied Plaintiff's request to amend the complaint. However Your Honor extended Plaintiff's deadline to serve Greystone and Carfora by any method set forth in Fed. R. Civ. P. 4(e)(2) and to provide proof of service until March 13, 2015.

Plaintiff's respectfully requests that the Court modify the Order and allow Plaintiff leave to amend its complaint to add Carfora and Glass Mountain Capital, LLC ("Glass Mountain") [1] as parties and to serve same upon Greystone, Carfora and Glass Mountain within 45 days. Alternatively, Plaintiff requests an extension 30 days to serve the Order upon Greystone and Carfora for the following reasons:

1. At great expense Plaintiff in attempting expedited service, discovered that indeed Carfora has located to another state and has perpetrated a fraud upon this Court and Plaintiff. Additionally Plaintiff's investigator has obtained credible evidence indicating that Carfora has made a fraudulent transfer of the assets of Greystone to Glass Mountain so that Greystone may evade its judgment creditors.

---

[1] The investigation has revealed that Carfora is the Senior Vice President of Operations at Glass Mountain.

I. **Greystones Evasion of Service**

   a. Plaintiff made an expedited order of the transcript (the "Transcript") of the November 25, 2014 Status Conference (the "Conference") held before Your Honor. However, the Transcript did not contain any information about Carfora's address.

   b. At great expense Plaintiff hired a process server and investigator to serve Carfora and discovered that indeed Carfora has located to another state and furthermore the investigation has revealed that Carfora committed a fraud upon this Court and Plaintiff as Carfora has made a fraudulent transfer of the assets of Greystone to Glass Mountain so that Greystone may evade its judgment creditors.

   c. Plaintiff could have served the Order upon Greystone by serving its agent Phillips Lytle LLP [2] (its "Agent") via Secretary of State. However, pursuant to FRCP 4(e)(2) that would not be sufficient to effect service upon Carfora. Thus, at great expense Plaintiff hired a process server to preform expedited service upon Greystone and Carfora at Greystone's last known address of 33 Dodge Road, Suite 106, Getzville, NY 14068 (the "Getzville Address") and at the address of its Agent at 3400 HSBC Center, Buffalo, NY (the "Buffalo Address").

   d. However, it became evident that Greystone is no longer located at the Getzville Address and its agent is no longer located at the Buffalo Address.

   e. Moreover, the undersigned contacted Phillips Lytle LLP at their new location and was informed by an associate that Phillips Lytle LLP no longer represents Greystone and that he had no authority to accept service for Greystone or Carfora. The associate represented that he informed the senior partner who had handled the Greystone account that he should expect my call and furnished the partners number. However, I was informed by the partner's secretary that he was not available, I informed her about Your Honor's directive, and she said she would forward the message to him immediately. However, the partner never returned my call.

   f. The investigator discovered that Carfora has relocated to 911 N Lake Shore Drive, Round Lake Beach, IL 60074.

   g. Our investigator contacted Corfora by phone at (773) 750-9573 regarding the pending default. However, when the investigator inquired about his address and informed him that Your Honor directed that the Order must be served upon him, Carfora hung up the phone and refused to accept the investigator's further calls.

   h. Moreover, during the investigation it was discovered that the phone numbers for Greystone including but not limited to (716) 218-4800, (877) 789-1770 were transferred to Glass Mountain located at 193 Thoreau Drive, Suite 100, Schaumburg, IL 60173.

---

[2] The NYS Department of State Division of Corporations indicates that Greystones agent for service is C/O Phillips Lytle LLP, 3400 HSBC Center, Buffalo, NY 14203.

II. **Carfora's fraud upon this Court and Plaintiff**

i. During the Conference, in response to this Court's query of whether Carfora wanted to continue with his lawyer Carfora stated:

> I'm asking him to withdraw, sir. That's a matter of just obviously I'm not able to pay him. The company is insolvent right now. We're basically by the end of the year they're going to file bankruptcy or just let the company go. Transcript page 3, lines 2-6.

Moreover, Your Honor directed that:

> The motion is granted. Mr. Carfora, you can't appear pro se so you have 30 days for an attorney to enter a notice of appearance on behalf of you company. If it does not do so within 30, I will recommend that the court find your client -- your company in default. Transcript page 12, lines 24-25 and page 13 lines 1-3.

j. However, it has become apparent that Carfora has ignored Your Honor's directive, Greystone avoided this Court's judgement, delayed Plaintiff from pursuing same, and has not filed for bankruptcy which at least would allow creditors to benefit from any remaining assets. Rather, Corfora merely shut Greystone's doors and apparently fraudulently transferred the assets, including furniture, accounts, phone systems and phone numbers of Greystone to Glass Mountain depriving judgment creditors of the ability to collect on same.

k. Moreover, our investigator has obtained additional credible evidence that the in addition to the phone numbers, phones and furniture, the collection accounts held by Greystone have been transferred to Glass Mountain.

l. In fact, our investigator contacted Corfora by phone at (773) 750-9573 regarding the pending default and judgment wherein Carfora responded that he could not care less about any judgment since Greystone has no assets and has shut its doors as of December 31, 2014. However, when the investigator inquired about his address and informed him that Your Honor directed that the Order must be served upon him Corfora hung up the phone and refused to accept the investigator's further calls.

m. Corfora should not be rewarded for his fraud perpetrated upon this Court and Plaintiff. Moreover, Corfora should not be rewarded for his disdain of Your Honor's directive.

n. In sum, it seems apparent that Carfora has reaped the benefits of Greystone's remaining assets by transferring them to Glass Mountain, and has left Greystone an empty shell, thus, evading any liability to its judgement creditors.

o. Notably, a mere default judgment against Greystone would be a pyrrhic victory, because after great expense this would merely furnish Plaintiff with a judgement that is unenforceable.

    p. Moreover, Carfora and Glass Mountain and Greystone would not be prejudiced if this Court were to grant Plaintiff leave to amend the complaint but rather would be able to defend this action on the merits.

    q. Moreover, denying Plaintiff leave to amend her complaint would signal debt collectors that they could evade violations of the FDCPA by merely shutting their doors and transferring their assets to another entity, leaving victims of abusive debt collectors with no recourse.

    r. The Federal Rules of Civil Procedure state that "[t]he court should freely give leave [for complaint amendment] when justice so requires. Fed.R.Civ.P. 15(a)(2). "This permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup, Inc.,* 659 F.3d 208, 212–13 (2d Cir.2011).

**III.** The difficulty in effecting service upon out of State Defendants.

    s. The Order directs that Plaintiff serve the Order upon Greystone and Carfora by any method set forth in Fed. R. Civ. P. 4(e)(2) and to provide proof of service until March 13, 2015.

    t. Fed. R. Civ. P. 4(e)(2) directs the following:

       (A) delivering a copy of the summons and complaint to the individual personally;

       (B) leaving a copy of each at the individuals dwelling or usual place of abode with someone of suitable age and discretion who resides their; or

       (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

    u. Thus, after great effort in locating Carfora only today was Plaintiff able to determine that Corfora resides in Round Lake Beach, IL, and that his current place of employment is in Schaumburg, IL. Thus, it is simply impossible for Plaintiff to serve Carfora personally or by substitute service in the state of Illinois on such short notice.

Respectfully submitted,

Levi Huebner & Associates, PC

/ s / Levi Huebner

_____
Levi Huebner

LH/ah